AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
2012 Red Chevrolet Sonic )
NM Plate #800RSF )
VIN: [redacted]18088 )

Case No.  22-MR-96

**DEFENDANT'S EXHIBIT A**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Vehicle driven by Michael Cobb VIN: [redacted]18088
*BA* See Attachment A.

located in the _____ District of New Mexico, there is now concealed *(identify the person or describe the property to be seized)*:
See attachment B, as attached hereto and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2113 | Bank Robbery |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Discharge of a Firearm during and in Relation to and in Furtherance of a Crime of Violence |

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Byron Abeyta, FBI Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone _____ *(specify reliable electronic means)*.

Date: 01/20/2022

*Judge's signature*

City and state: Albuquerque, New Mexico

**Laura Fashing, United States Magistrate Judge**
*Printed name and title*

US v. Michael Cobb                                                                                                    22-cr-00191  0266

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE SEARCH OF            )
2012 Red Chevrolet Sonic NM# 800RSF       )       Case No. _____
VIN: ▮▮▮▮▮▮▮▮118088_____)

**AFFIDAVIT IN SUPPORT OF**
**APPLICATION FOR A SEARCH WARRANT**

    I, Byron Abeyta, Task Force Officer of the Federal Bureau of Investigation (FBI), United States Department of Justice, having been duly sworn, state:

## INTRODUCTION AND AGENT BACKGROUND

    1.    I make this affidavit in support of an application by the United States pursuant to Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the vehicle described as a 2012 Red Chevrolet Cobalt with VIN: ▮▮▮▮▮▮▮▮18088 hereinafter ("SUBJECT VEHICLE"), as further described in Attachment A, for the things described in Attachment B.

    2.    I am a Task Force Officer ("TFO") of the Federal Bureau of Investigation ("FBI"), and have been since April 2019. I am currently assigned to the Albuquerque Division, Santa Fe Resident Agency. I have received training in how to enforce federal laws and in how to conduct complex investigations. During my employment with FBI, I have conducted numerous investigations for suspected violations of federal law, including participation in other bank robbery investigations. I have received training in how to conduct complex investigations and I have participated in the execution of arrest and search warrants involving bank robbery subjects and firearms violations in the past.

    3.    I have been involved in an ongoing federal investigation into Michael COBB. Since the investigations' inception, I, as well as other law enforcement officers from the FBI and other agencies have obtained information regarding COBB's involvement in a January 15, 2022

bank robbery. As set forth herein, there is probable cause to believe that searching the SUBJECT VEHICLE will lead to evidence of violations of 18 U.S.C. § 2113 and 18 U.S.C. § 924(c)(1)(A)(iii).

4. I make this affidavit based upon my own personal knowledge, which is substantially derived from my participation in the investigation, as well as that of fellow agents and law enforcement officers who have participated in the investigation. In addition, I developed information I believe to be reliable from additional sources, including:

    a. Information communicated to me by other employees of the FBI, other law enforcement agencies, including oral and written reports that I have received directly or indirectly from said investigators;

    b. Interviews of witnesses conducted by the FBI and other law enforcement agencies; and

    c. A review of driver's license and automobile registration records.

5. Since I submit this affidavit for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to demonstrate probable cause for the issuance of the requested search warrant.

### FEDERAL CHARGES RELEVANT TO THIS INVESTIGATION

6. I believe there is probable cause that the SUBJECT VEHICLE contains evidence of violations of, inter alia:

    a. 18 U.S.C. § 2113 – bank robbery; and

    b. 18 U.S.C. § 924(c) – using, carrying, and possessing a firearm during and in relation to and in furtherance of a crime of violence.

**EVIDENCE SOUGHT DURING SEARCH**

7. Based on my training and experience, I know that persons who commit robberies, to include bank robberies, often maintain fruits, instrumentalities, and other items related to the robbery, such as U.S. currency, weapons, and clothing worn during or after the robbery, and that these items are usually stored in the person's residence, garage, storage containers on the property, and in their vehicle(s).

**COMPUTERS, ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

8. As described above and in Attachment B, this application seeks permission to search for evidence and records that might be found in the SUBJECT VEHICLE, in whatever form they are found. Much of the evidence and records described in the paragraphs above, and in Attachment B, can also be produced and/or stored on computers, digital media and other storage media. For this reason, I submit that if a computer, digital medium, or storage medium is found in the SUBJECT VEHICLE, there is probable cause to believe those records will be stored on that computer or storage medium. Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

9. *Necessity of seizing or copying entire computers or storage media.* In most cases, a thorough search for information that might be stored on storage media often requires the seizure of the physical storage media and later off-site review consistent with the warrant. In lieu of removing storage media from the premises, it is sometimes possible to make an image copy of storage media. Generally speaking, imaging is the taking of a complete electronic picture of the computer's data, including all hidden sectors and deleted files. Either seizure or imaging is often necessary to ensure the

accuracy and completeness of data recorded on the storage media, and to prevent the loss of the data either from accidental or intentional destruction. This is true because of the following:

a.  The time required for an examination. As noted above, not all evidence takes the form of documents and files that can be easily viewed on site. Analyzing evidence of how a computer has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on premises could be unreasonable. Storage media can store a large volume of information. Reviewing that information for things described in the warrant can take weeks or months, depending on the volume of data stored, and would be impractical and invasive to attempt on-site.

b.  Technical requirements. Computers can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations. Therefore, searching them sometimes requires tools or knowledge that might not be present on the search site. The vast array of computer hardware and software available makes it difficult to know before a search what tools or knowledge will be required to analyze the system and its data on the Premises. However, taking the storage media off-site and reviewing it in a controlled environment will allow its examination with the proper tools and knowledge.

c.  Variety of forms of electronic media. Records sought under this warrant could be stored in a variety of storage media formats that may require off-site reviewing with specialized forensic tools.

10. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying computers and/or storage media that reasonably appear to contain some or all of the evidence described in the warrant, and would authorize a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer-assisted scans of the computer or entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

## PROBABLE CAUSE

1) This information is submitted for the limited purpose of establishing probable cause to believe that Michael COBB has committed felony violations of 18 U.S.C. § 2113, that being bank robbery, and 18 U.S.C. § 924(c)(1)(A)(iii), that being discharge of a firearm during and in relation to and in furtherance of a crime of violence. This affidavit therefore does not set forth all of my knowledge about this matter.

2) On January 15, 2022, Espanola Police Department (EPD) was dispatched to Century Bank at 322 North Riverside Drive in Espanola, New Mexico (NM) 87532, a location within the District of New Mexico, in reference to a robbery that occurred at the drive-up Automated Teller Machine (ATM) that is affiliated with the bank. The reporting person advised Espanola Dispatch that the suspect vehicle was a red in color hatchback that fled southbound on Riverside Drive. The reporting person added that he believed the vehicle was occupied by a single male.

3) EPD officers made contact with the victim and noticed he was visibly shaken. The victim was identified as A.G. A.G. stated that he was working on the ATM when the red hatchback pulled up next to him. The male got out of the vehicle and told A.G. to just give him

the money. The male pointed a weapon at A.G. and A.G. heard a popping sound but didn't believe it was a gun. A.G. backed away from the machine and the male grabbed the cash boxes and placed them in his vehicle. The male left the area southbound.

4) A review of video surveillance showed a male in a red Chevy Sonic hatchback with aftermarket wheels drive past the ATM once before parking south of the ATM. The male driver exited the vehicle with a black handgun and points it at A.G. A.G. points a tool at the male causing the male to take a step back. The male racked the slide to the handgun and pointed it at A.G. again. A.G. moved away from the ATM and the male grabbed two canisters from the ATM. The male loaded the canisters in his vehicle and walked back to the ATM. The male fired a single round to the right of the ATM and grabbed two more canisters from the ATM. The male loaded the canisters in his vehicle and drove away.

5) The male was wearing tan pants, a gray long sleeve shirt, black and white shoes, prescription glasses, a blue surgical style mask, a hat with a grey crown and black flat brim with "California" on it. The male was a Hispanic male with short hair and a black mustache.

6) EPD collected a spent .45 casing near the ATM. EPD was able to identify the vehicle using their License Plate Reader (LPR) camera system. The LPR showed the vehicle to be New Mexico License Plate 800RSF. The vehicle was a red 2012 Chevrolet Sonic (VIN: ▆▆▆▆▆▆▆▆▆18088) registered to Gary Cobb.

7) EPD contacted Rio Arriba Sheriff's Office (RASO) and requested them to check Gary Cobb's address at ▆▆▆ County Road 57 in Ohkay Owingeh, NM for the vehicle. RASO did not locate the vehicle at the residence.

8) EPD contacted PTPD to search their LPR system for the vehicle. PTPD and EPD added the vehicle to their respective LPR Hot List to receive notifications on the vehicle.

9) EPD compared the surveillance to a photo of Gary Cobb and confirmed that he was not the suspect. EPD learned that Gary Cobb had a son by the name of Michael COBB.

10) On January 16, 2022, I conducted a spot check at ▮▮▮▮ County Road 57. The SUBJECT VEHICLE was not at the residence, but Gary Cobb was observed outside of his residence. I spoke with Gary Cobb, who stated that the red Chevy Cobalt was his wife's vehicle. Gary stated that his son Michael COBB has had the vehicle for months. Gary stated that he is not sure if Michael took the vehicle or if his wife sold the vehicle to Michael. Gary stated that Michael COBB got out of jail approximately 6 months ago and has only stayed at the residence a couple times since.

11) On January 19, 2022, Century Bank VP Thomas Martinez provided a Century Bank ATM Balancing Sheet. The sheet indicated that on January 14, 2022, the Espanola Drive-Up ATM was filled to $220,000. The amount taken from the four canisters was $187,340. Three of the four canisters were filled with $20 bills and the fourth canister was filled with $50 bills.

12) On January 19, 2022, at approximately 3:50pm, PTPD received a notification that the SUBJECT VEHICLE was at the Buffalo Thunder Casino. PTPD located the vehicle and attempted a traffic stop, but the vehicle fled. PTPD pursued the vehicle and were able to stop the vehicle on State Road 502.

13) The driver and single occupant was identified as Michael COBB. PTPD located $921 in U.S. currency on his person. The US currency included 10- $50 bills and 20- $20 bills. COBB's prescription glasses were broken as he was being detained and were located on the roadway next to the vehicle.

14) Agents compared photographs and video from the Century Bank to photographs of Michael COBB at the scene. The video surveillance matched the build of COBB, the mustache,

along with the glasses recovered from the scene. The vehicle had aftermarket wheels and also matched the description from Century Bank surveillance.

15) The SUBJECT VEHICLE was seized by law enforcement and is in the lawful custody of the Federal Bureau of Investigation.

16) Century Bank is insured by the Federal Deposit Insurance Corporation (FDIC), therefore it is a Bank as defined under 18 U.S. Code § 2113. The Espanola location suffered a financial loss during COBB's robbery.

17) Based on my training and experience and the facts as set forth in this affidavit, I assert there is probable cause that Michael COBB has committed a violation of 18 U.S.C. § 2113, that being bank robbery, and 18 U.S.C. § 924(c)(1)(A)(iii), that being discharge of a firearm during and in relation to and in furtherance of a crime of violence. I believe the evidence items contained within "Attachment B" and incorporated herein by reference may be present with the SUBJECT VEHICLE. Assistant United States Attorney Jack Burkhead has reviewed and approved this affidavit for legal sufficiency.

## CONCLUSION

WHEREFORE, I respectfully request the Court issue a warrant authorizing a search of the SUBJECT VEHICLE. I also request that the warrant and order authorize members of the FBI, and other authorized law enforcement agents acting under the direction of the FBI, to execute the search warrant. I further request this Affidavit, Application, and the Court's Warrant be placed under seal. I declare under penalty of perjury the statements above are true and correct to the best of my knowledge and belief.

Respectfully Submitted,

_____
Byron Abeyta
Task Force Officer, Federal Bureau of Investigation

Subscribed and sworn telephonically on January 20, 2022:

_____
THE HONORABLE LAURA FASHING
UNITED STATES MAGISTRATRE JUDGE

Attachment A
**PROPERTY TO BE SEARCHED**

The property to be searched is a 2012 red Chevrolet Sonic bearing New Mexico License Plate # 800RSF and VIN: ▮▮▮▮▮▮▮▮▮18088.

The search of the above SUBJECT VEHICLE shall include the search of the entire vehicle, all storage areas, and containers in the SUBJECT VEHICLE.

## Attachment B
## ITEMS TO BE SEIZED

All evidence, fruits, and instrumentalities of violations of: 18 U.S.C. § 2113, that being bank robbery, and 18 U.S.C. § 924(c)(1)(A)(iii), that being discharge of a firearm during and in relation to and in furtherance of a crime of violence, those violations occurring on or about January 15, 2022, include the following items:

1. United States currency, monetary instruments and records relating to controlled substances, income and expenditures of money and wealth, including, money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, and check registers, as well as precious metals, jewelry and other items of value.

2. Firearms, ammunition, magazines, holsters, and items used to store firearms;

3. Clothing and shoes

4. Records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashier's checks received, passbooks, bank checks, safe deposit box keys, vault keys, safes and other items evidencing the obtaining, secreting and/or concealment, and or expenditures of money.

5. Documents and articles of property tending to establish the identity of persons in control of the vehicle;

6. Safes, combinations or key-lock strong boxes or other secure storage containers, and types of locked or containers, and hidden compartments that may contain any of the foregoing.

7. Any and all computers and storage media that reasonably appear to contain some or all of the records, information, and/or evidence described in Attachment B.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer, digital media, or storage media; any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "digital media" includes personal digital assistants (PDAs), smartphones, tablets, BlackBerry devices, iPhones, iPods, iPads, digital cameras, and cellular telephones. The term "storage media" includes any physical object upon which electronic data can be recorded, such as hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media or digital medium.

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, smartphones, tablets, server computers, and network hardware.

The terms "storage medium" or "storage media" include any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.